BLAIR A. HAUN, PETITIONER, *v.* COMMONWEALTH OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 19660.   Promulgated September 10, 1928.

*W. Z. Proctor, Esq.*, for the petitioner.
*Benton Baker, Esq.*, for the respondent.

### OPINION.

LANSDON: It is alleged by petitioner that in asserting the deficiency for the year 1922 respondent violated the provisions of section 1005 of the Revenue Act of 1924 by making a second examination of his books without having given written notice of his intention so to do.

Section 1005 of the Revenue Act of 1924, which is identical with section 1309 of the Revenue Act of 1921, provides:

No taxpayer shall be subjected to unnecessary examinations or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Commissioner, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

We have held in *J. S. McDonnell,* 6 B. T. A. 685, that the respondent's failure to comply with the above section by notifying the taxpayer in writing that an additional examination of books was necessary, may not be interposed as a defense invalidating the deficiency based largely upon information derived from other sources, where the examination was conducted without objection by the taxpayer, as the protection afforded by section 1005 was waived by the failure to object. There is no evidence in the instant case that petitioner objected to the reexamination of his books, and his failure so to do constitutes a waiver of the protection afforded by the statute.

The petitioner contends that in computing net income there should be allowed as a deduction all ordinary and necessary business expenses whether paid in cash or by check. He contends that respondent's method disallows the deduction of cash expenditures.

During the years herein involved petitioner's living expenses were paid in cash from business funds and were entered in the ledger kept for part of the period as "paid outs," which we have found to have averaged $7 daily. It has been repeatedly held that personal ex-

penses may not be deducted in computing net income. *Samuel Cooper*, 1 B. T. A. 615; *Leland D. Webb*, 1 B. T. A. 759.

In the absence of evidence to show what portion of the cash expenditures should be allocated to the business, the respondent's determination must be approved.

*Decision will be entered for the respondent.*